(162 App. Div. 855)

TRUST CO. OF AMERICA v. UNITED BOXBOARD CO. (No. 5956.)

(Supreme Court, Appellate Division, First Department. June 12, 1914.)

1. MORTGAGES (§ 568*)—FORECLOSURE—PROCEEDS—PAYMENT OF SURPLUS—DIRECTION OF COURT.

Where an order for the distribution of the proceeds of a foreclosure sale, after providing for payment of costs, and expenses, awarded to a trust company, the successor of plaintiff, the balance of the price, without undertaking to say what particular bonds issued under the mortgage should participate in the distribution, an application to determine conflicting claims of bondholders as to such distribution was not one to amend or alter the judgment or order of distribution, but was proper as an application for directions as to how the order should be executed.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1639–1646; Dec. Dig. § 568.*]

2. MORTGAGES (§ 566*)—FORECLOSURE—PROCEEDS—DISTRIBUTION.

A mortgage was executed to secure bonds of defendant corporation, to be certified and delivered by plaintiff as trustee on surrender to it of stock of the A. company in the proportion of $1,000 of bonds for each $3,300 par value of stock deposited. The mortgagor's assets, including certain of the A. company's stock, were sold to a reorganization committee, which had the same right to the certification, delivery, and use of bonds to be issued under the trust mortgage as the mortgagor had. This committee caused defendant to be organized, and defendant deposited such stock with a trustee, receiving in exchange duly certified bonds, of which, on foreclosure of the trust mortgage, $16,000 of the principal debt remained unissued in defendant's treasury. *Held* that, such bonds having been duly issued and certified, their validity was not affected by the circumstance that they were kept in defendant's own treasury instead of being sold, and that they were therefore entitled to participate in the distribution of the proceeds from the foreclosure sale.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1630; Dec. Dig. § 566.*]

Appeal from Special Term, New York County.

Suit by the Trust Company of America against the United Boxboard Company. From an order denying defendant's motion to compel plaintiff to pay over to defendant a distributive share of the proceeds of a sale of certain stock on mortgage foreclosure, it appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

H. Aaron, for appellant.
John G. Boston, of New York City, for respondent.

SCOTT, J. This action was brought to foreclose a trust mortgage executed by the United Boxboard & Paper Company to the plaintiff, covering certain shares of stock of the American Strawboard Com-

pany. The mortgage was given to secure bonds of the United Box-board Company to be certified and delivered by the plaintiff as trustee upon the surrender to it of stock of the American Strawboard Company in the proportion of $1,000 of bonds for each $3,300, par value of stock deposited. The mortgage provided that for all purposes, including the right to deposit stock and receive bonds therefor, the mortgagor's rights should appertain to its successors and assigns. In the year 1906, the same year in which the mortgage was executed, the trustee certified and issued to the mortgagor bonds to the extent of $1,302,400. In 1909 receivers appointed in New Jersey in a creditors' action for the dissolution of the mortgagor company sold all of the assets of the said company to a reorganization committee or its nominee, in consideration of the assumption and payment of all the obligations of the mortgagor company, except its obligation upon the bonds secured by said mortgage. It was provided in the order of the Court of Chancery in New Jersey, which authorized such sale, that the said committee or its nominee should have the same right to the certification, delivery, and use of bonds to be issued under such collateral trust mortgage as the United Boxboard & Paper Company (the mortgagor) had theretofore had, but upon the terms and conditions of said mortgage. Thereupon the reorganization committee organized, or caused to be organized, this defendant, and designated it as its nominee to whom the assets of the mortgagor company should be assigned, and they were accordingly so assigned. Among the assets thus received by defendant were shares of stock of the American Strawboard Company of the par value of $330,000, which it deposited with the trustee, receiving in exchange therefor bonds duly certified to the amount of $100,000.

In 1911 this action was begun to foreclose the above-mentioned mortgage, which then covered 46,280 shares of American Strawboard Company stock, of which 42,980 had been deposited by the original mortgagor company and 3,300 by this defendant. The stock was sold upon the foreclosure sale for $250,000 to a committee representing $1,090,050 of bonds. It was found by this court, as matter of fact, that of all the bonds certified and issued by the trustee aggregating $1,402,400, bonds aggregating $16,000 of the principal debt remained unissued in the treasury of defendant, and that the balance of said bonds were outstanding having been duly delivered to holders for value. The order for the distribution of the proceeds of sale provided specifically how much should be allowed to the purchasers for each bond and coupon held and presented for payment by them. It then made provision for payment of costs, commissions, and expenses, and finally provided as follows:

"(5) To the Equitable Trust Company of New York, the successor by merger to the plaintiff herein, the balance of said purchase price, amounting to tne sum of seventeen thousand three hundred and six dollars and eighty-two cents ($17,306.82). That the Equitable Trust Company of New York after deducting from the sum of seventeen thousand three hundred and six dollars and eighty-two cents ($17,306.82) the actual cost of publication of such notice to present bonds and coupons as it may deem expedient to give to the holders of bonds and coupons, and all other actual expenses of the distribution hereinbelow directed, distribute the balance of said sum pro rata among the holders of bonds

of the issue mentioned in the judgment herein, and coupons for the interest thereon maturing July, 1911, other than bonds and coupons presented to the referee for credit as hereinabove provided, without preference or priority of bonds over coupons or coupons over bonds; that it make such payments upon presentation of the respective bonds and coupons; and that it stamp upon each such bond and coupon the amount of such payment and return the same so stamped to the holder."

The present controversy is over the right of defendant to participate pro rata in the balance of the purchase price on account of the $16,000 of bonds held by it. Of these bonds it is said that $10,000 represents a part of the $100,000 issued to it after it had acquired the assets of the mortgagor company, and $6,000 were purchased in the open market. It is stated, and without verifying the computation we assume it to be a fact, that the precise sums ordered to be allowed to the purchasers for the bonds held by them were calculated upon the assumption that this $16,000 of bonds were not entitled to participate in the proceeds of the sale. If this be so it is due undoubtedly to a mistake as to the status of these bonds. It is probably too late to correct that portion of the order, and we do not understand that the defendant seeks to do so.

[1] The provision as to the balance of the purchase price is general, and does not undertake to say what particular bonds shall participate in it. It provides, in effect, that said balance shall be divided pro rata among the holders of bonds entitled to participate, and where any question arises as to who are so entitled, it is proper and appropriate that application should be made to the court to determine the conflicting claims. Such an application is not one to amend or alter the judgment or the order of distribution, but merely for direction as to how the order shall be executed.

[2] So far as concerns the $16,000 of bonds in question, we can see no reason why they are not entitled to participate in the distribution. They were duly certified and issued by the trustee against stock deposited in strict conformity with the mortgage, and the stock against which they were issued was a part of the stock which was sold in foreclosure, and thereby contributed pro tanto to the creation of the fund to be distributed. They became valid obligations under the mortgage when they were certified and issued by the trustee, and their validity is in no wise affected by the circumstances that defendant, after it had lawfully acquired them, kept them in its own treasury, instead of selling them to some one else. The trustee, as it appears, has made only partial payment of the fund in its hands, deducting pro rata from all payments and still retaining sufficient funds to pay defendant.

The order appealed from must be reversed, with $10 costs and disbursements payable out of the fund, and the motion granted.

Settle order on notice. All concur.